[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-10920

Non-Argument Calendar

————————————

LUELLA WILLIAMS,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00217-AAS

————————————

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Luella Williams appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits. After an administrative law judge ("ALJ") concluded that she was not disabled and denied her application for benefits, Williams filed a request for review with the Appeals Council, challenging the ALJ's decision that she was not disabled. She also requested that, if the Appeals Council denied review, it direct that if Williams filed a second application for disability benefits, the Social Security Administration ("SSA") would deem the application filed as of the date when she requested review from the Appeals Council for her initial application for benefits, not the later date when any second application actually was filed. The Appeals Council denied Williams's request for review and *sub silentio* denied her request that a second application be deemed filed on an earlier date.

On appeal, Williams does not challenge the substance of the Commissioner's decision that she was not disabled and ineligible for benefits. Her only argument is that the Appeals Council erred when it denied her request that a second application for benefits be deemed filed as of an earlier date. She contends that the Appeals Council erred because under the SSA's procedures she was entitled to a protective filing date. Alternatively, she challenges the relevant SSA regulation as unconstitutional. Because the Appeals Council's

decision was consistent with the relevant SSA regulation, and the regulation has a rational basis, we affirm.

## I.  THE SSA'S REGULATORY SCHEME REGARDING SUBSEQUENT DISABILITY CLAIMS

Because this appeal requires a detailed understanding of the SSA's procedures related to the filing of subsequent disability claims, we begin by reviewing the administrative scheme.

For the period from 1999 through 2011, the SSA's procedures permitted a claimant to have two applications for the same type of disability benefits pending at the same time. *See* Procedures for Handling Requests to File Subsequent Applications for Disability Benefits, SSR 11-1p, 76 Fed. Reg. 45,309, 45,310 (July 28, 2011) ("SSR 11-1p" or the "ruling"). Under these procedures, if an ALJ denied a claimant's application for disability benefits and she sought review of that decision from the Appeals Council, she also could file a new application with the SSA under the same title seeking the same type of benefits. *Id.* The agency would process the claimant's second disability claim while she continued to pursue administrative review of her initial claim. *Id.*

Over time, the SSA saw an increase in the number of claimants who both sought Appeals Council review and filed subsequent disability claims. *Id.* When a claimant had two applications seeking benefits under the same title and type pending at the same time, there was a risk of conflicting agency decisions, which the SSA then had to reconcile. *Id.* The SSA found that allowing claimants to have

two applications pending at the same time resulted in "improper payments, increased administrative costs, and unnecessary workloads stemming from duplication." *Id.*

To address these problems, the agency issued SSR 11-1p, a Social Security Ruling,[1] which revised the procedures for handling subsequent applications for disability claims of the same title and type. *Id.* Under SSR 11-1p, a claimant generally may not have two applications for the same type of benefits pending at the same time. *Id.* When a claimant has a request for review pending before the Appeals Council, the agency will not accept a subsequent application from the claimant seeking the same type of benefits. *Id.* The revised procedures effectively required a claimant to choose between pursuing administrative review of her initial application and filing a new one. *Id.*

Even though the SSA will not accept a new application from a claimant while she pursues Appeals Council review, she may submit additional evidence to the Appeals Council relevant to her initial application. *Id.* at 45,110–11; *see Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (explaining that a claimant is permitted to present new evidence at each stage of the

---

[1] "Social Security Rulings are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of [the SSA]." *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990) (internal quotation marks omitted).

administrative process, including before the Appeals Council, and that the Appeals Council is obligated to consider such evidence).

The SSA's regulations have long addressed when the Appeals Council may consider additional evidence submitted by a claimant. *See* 20 C.F.R. § 416.1470(c) (the "regulation"). In the 1980s, the SSA proposed a regulation that would have barred the Appeals Council from considering additional evidence from a claimant in any circumstances. Limit on Future Effect of Applications and Related Changes in Appeals Council Procedures, 52 Fed. Reg. 4,001, 4,001–02 (Feb. 9, 1987). But the SSA ultimately did not implement this broad ban on the Appeals Council's consideration of additional evidence. *Id.* at 4,002. Instead, the agency limited the Appeals Council to considering evidence relating to the period on or before the date of the ALJ's decision.[2] *Id.* At the same time, the SSA added a provision to its regulations specifying that if a claimant submitted additional evidence that the Appeals Council found related to the period after the date of the ALJ's decision, the Appeals Council would return the evidence to the claimant. *Id.* It also would advise the claimant that if she filed a subsequent application for benefits, the date of her request for review would be used as the

---

[2] The SSA later amended the regulation to specify that the Appeals Council will grant review only if the claimant's additional evidence also is "new, material, [and] there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). In addition, the claimant must show "good cause" for not submitting the evidence to the ALJ. *Id.* § 416.1470(b).

6                    Opinion of the Court                    21-10920

protective filing date[3] for the application. *See id.*; *see* 20 C.F.R. § 416.1470(c).

In 2011, when the SSA issued SSR 11-1p, it essentially repeated the regulation's language related to protective filing dates. *Compare* 20 C.F.R. § 416.1470(c) (providing that if the Appeals Council returns additional evidence and the claimant timely files a new application, the SSA "will use the date [the claimant] requested Appeals Council review as the filing date for [a] new application") *with* SSR 11-1p, 76 Fed. Reg. at 45,311 (providing that if the Appeals Council returns additional evidence and the claimant timely files a new application, the SSA "will consider the date [the claimant] filed the request for Appeals Council review as the filing date for [a] new claim").

Under the regulation and the ruling, then, when a claimant whose disability claim is denied has additional evidence, she must decide between pursuing administrative review of her initial claim

---

[3] The SSA generally treats an application for benefits as having been filed when it is received. 20 C.F.R. § 416.325(a). But in certain instances, the agency may deem a later-submitted application filed as of an earlier date. *Id.* § 416.340. This earlier date is referred to as a "protective filing date." The filing date of an application matters because the SSA will not award a claimant benefits for the period before her application was filed, even if she was disabled prior to the filing date. *See* 42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.335 (providing that benefits are payable starting the month following the date when the application was filed); *see also Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995) (explaining that a claimant "cannot receive benefits for any period prior to the filing of her application").

before the Appeals Council and filing a new disability claim. If she elects to pursue administrative review and submits new evidence to the Appeals Council, the Appeals Council first asks whether the additional evidence is chronologically relevant: does it "relate[] to the period on or before the date" of the ALJ's decision. 20 C.F.R. § 416.1470(a)(5), (c); SSR 11-1p, 76 Fed. Reg. at 45,310. If the Appeals Council determines that the evidence relates to this period (and thus is chronologically relevant), it will grant review if it finds that the additional evidence also is new and material, there is a reasonable probability that the additional evidence would change the outcome of the decision, and the claimant has shown good cause for not previously informing the agency about or submitting the evidence. *See* 20 C.F.R. § 416.1470(a)(5), (b).

If the Appeals Council determines that the claimant's additional evidence is not chronologically relevant, meaning it does not relate to the period on or before the date of the ALJ's decision, the Appeals Council will return the additional evidence to the claimant and explain why it did not accept the evidence. *Id.* § 416.1470(c); SSR 11-1p, 76 Fed. Reg. at 45,311. The Appeals Council also will inform the claimant that if she files a new claim for the same disability benefits under the same title within 60 days of the notice, the SSA will use the date of the claimant's request for review with the Appeals Council as the protective filing date. 20 C.F.R. § 416.1470(c); SSR 11-1p, 76 Fed. Reg. at 45,311.

## II.    FACTUAL BACKGROUND

In 2016, Williams applied for supplemental security income benefits, alleging that she became disabled in 2013 due to a variety of physical and mental impairments. The application included Williams's date of birth. At the time of the application, she was 52 years old. The SSA denied her application. Williams requested and received a hearing before an ALJ.

At the hearing, the ALJ considered whether Williams was disabled. Under the SSA's regulations, a claimant is disabled if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

The ALJ applied the SSA's five-step sequential evaluation process to determine whether Williams was disabled. Under this process, an ALJ considers whether (1) the claimant was engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the severe impairment meets or equals an impairment listed by the SSA; (4) the claimant has the residual functional capacity to perform past relevant work; and (5) given the claimant's residual functional capacity, age, education, and work experience, she can adjust to other work. *See id.* § 416.920(a)(4)(i)–(v). An individual's residual functional capacity refers to that which a claimant remains able to do despite the limitations caused by her impairments. *Id.* § 416.945(a)(1).

21-10920            Opinion of the Court                9

Here, the ALJ concluded that Williams was not disabled. At the first step, the ALJ found that Williams had not engaged in substantial gainful activity since her application date. At the second step, the ALJ concluded that Williams had several severe impairments. But at the third step, the ALJ determined that Williams had no impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ then assessed Williams's residual functional capacity and found that she could perform a reduced range of light work. At step four, the ALJ determined that Williams could not perform her past relevant work as a housecleaner. At step five, the ALJ concluded that she could perform other jobs that existed in significant numbers in the national economy. At this stage, the ALJ considered Williams's date of birth and age on the date the application was filed. Given her age of 52 years, the ALJ determined that Williams was an individual closely approaching advanced age and considered that her "age along with a severe impairment(s) and limited work experience" could "seriously affect [her] ability to adjust to other work." *See id.* § 416.963(d).[4] Ultimately, the ALJ concluded that given her age,

---

[4] The SSA recognizes that as a claimant gets older, it generally becomes more difficult for her to adjust to other work. *See* 20 C.F.R. § 416.963(a). For a claimant under the age of 50, the SSA "generally do[es] not consider" that the claimant's age "will seriously affect [her] ability to adjust to other work." *Id.* § 416.963(c). For a claimant "closely approaching advanced age," meaning between the ages of 50 and 54, the SSA recognizes that, depending on the claimant's impairments and work experience, her age "may seriously affect [her] ability to adjust to other work." *Id.* § 416.963(d). And for a claimant of

education, work experience, and residual function capacity, Williams remained able to perform the jobs of label remover, mail clerk, and sorter.

After receiving the ALJ's unfavorable decision, Williams requested Appeals Council review. Her attorney sent the Appeals Council a one-page letter arguing that the ALJ erred in assessing her residual functional capacity. In the letter, the attorney pointed out that Williams would turn 55 years old in about three months. If Williams were to file a new application after turning 55 and was again found to have a residual functional capacity that limited her to light work, the attorney said, she would qualify as disabled.[5] The attorney asked the Appeals Council to declare that she would be entitled to a protective filing date if she filed a new application for benefits.

After considering Williams's request for review and her reasons for disagreeing with the ALJ's decision, the Appeals Council denied review and concluded there was no basis for changing the ALJ's decision. The Appeals Council did not directly address Williams's request for a protective filing date. But it effectively denied

---

"advanced age," meaning 55 or older, the SSA treats the claimant's age as "significantly affect[ing]" her ability to adjust to other work. *Id.* § 416.963(e); *see id.* § 416.968(d)(4).

[5] Social Security regulations provide that if a claimant is over 55 years of age, is limited to light work, and lacks skills that can be transferred to other skilled or semiskilled work, she generally will be treated as disabled. *See* 20 C.F.R. § 416.968(d)(4).

21-10920                Opinion of the Court                11

the request because it did not declare that she was entitled to a protective filing date.

Williams filed an action in federal district court, asking the court to reverse the Commissioner's decision. She claimed that the Appeals Council erred in denying her request for a protective filing date.[6] She argued that she had submitted additional evidence to the Appeals Council related to her age and thus was entitled to a protective filing date under the ruling.

Alternatively, if the district court concluded that she had not submitted additional evidence to the Appeals Council, she urged the district court to declare SSR 11-1P unconstitutional. She compared the way that the SSA treated claimants who submitted additional evidence to the Appeals Council that was deemed to be not chronologically relevant to those claimants who submitted no additional evidence. Claimants who submitted additional evidence to the Appeals Council that was deemed to be not chronologically relevant were entitled to a protective filing date. But claimants who submitted no additional evidence to the Appeals Council were not entitled to a protective filing date. Williams argued that there was

---

[6] Williams also argued to the district court that the ALJ erred in concluding, based on her residual functional capacity, that she remained able to perform the jobs of label remover, sorter, and mail clerk. Because her arguments on appeal relate only to the Appeals Council's decision denying her request for a protective filing date, she has abandoned the other arguments she made to the district court, and we do not consider them. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (recognizing that a party abandons "a legal claim or argument" that she fails to raise on appeal).

"no rational basis whatsoever" for the Commissioner to treat claimants who submitted "immaterial" or "irrelevant" evidence to the Appeals Council more favorably than claimants "who do not have irrelevant evidence to submit." Doc. 22 at 25.[7] She asked the district court to remand the case with instructions for the Appeals Council to reissue its decision and allow any new application filed within 60 days of the amended decision, or any application already filed, to be treated as filed on the date when she initially requested Appeals Council review.

The district court affirmed the Commissioner's decision. The court concluded that Williams was not entitled to a protective filing date under SSR 11-1p. The court determined that Williams had not submitted any additional evidence to the Appeals Council because she had merely "advised the Appeals Council of her birthday." Doc. 23 at 12. Regarding Williams's constitutional claim, the court, applying rational basis review, determined there was no denial of equal protection.

This is Williams's appeal.

## III.    STANDARD OF REVIEW

In social security appeals, we review *de novo* the Commissioner's application of legal principles. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). We review the resulting decision only to determine whether it is supported by substantial evidence, and

---

[7] "Doc." numbers are the district court's docket entries.

if it is, we must affirm. *Id.* We also review *de novo* a constitutional challenge to an administrative rule or regulation. *See Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011).

## IV.    LEGAL ANALYSIS

Williams challenges the Appeals Council's decision implicitly denying her request for a declaration that she was entitled to a protective filing date such that any future application for the same benefits would be deemed filed as of the date of her letter to the Appeals Council. She raises two arguments. First, she argues that the Appeals Council erred in denying her request for a protective filing date because she submitted additional evidence about her birth date and age. Second, she brings a constitutional challenge to the SSA's protective-filing-date regulation. For purposes of her constitutional challenge only, Williams acknowledges that she submitted no additional evidence to the Appeals Council. But, she argues, it violates equal protection principles for the SSA to treat claimants who submit additional evidence to the Appeals Council that is ultimately deemed not to be chronologically relevant more favorably than other claimants, like herself, who "do not have irrelevant evidence to submit." Appellant's Br. at 7. We address each argument in turn.[8]

---

[8] In framing her arguments on appeal, Williams references only SSR 11-1p, the ruling that sets forth when a claimant is entitled to a protective filing date, not 20 C.F.R. § 416.1470(c), the regulation that addresses the same subject. Because, as we explained above, the ruling simply restates the regulation's

A.    *Williams Was Not Entitled to a Protective Filing Date*
      *Under the Regulation.*

We begin with Williams's argument that the regulation, 20 C.F.R. § 416.1470(c), required the Appeals Council to order that she would be entitled to a protective filing date for any subsequent application she might file because she submitted additional evidence to the Appeals Council that did not relate to the period on or before the hearing decision. Williams argues that she triggered the regulation's protective-filing-date provision because she submitted additional evidence with her request for review, which "consist[ed] of the fact that the claimant turned 55 years old during the pendency of the Request for Review." Appellant's Br. at 8. We are not persuaded because (1) Williams did not submit any evidence to the Appeals Council, and (2) even if her date of birth and age amounted to such evidence, it was relevant to the period on or before the hearing date decision.

First, we conclude that Williams was not entitled to a protective filing date under § 416.1470(c) because she submitted no evidence to the Appeals Council. The regulation provides that a claimant is entitled to a protective filing date only when she submits "additional evidence" to the Appeals Council that the Appeals

language regarding protective filing dates, we understand Williams to be arguing that the Appeals Council erred by failing to apply the regulation correctly and to be raising a constitutional challenge to the regulation.

Council determines "does not relate to the period on or before the date" of the ALJ's decision. 20 C.F.R. § 416.1470(c).

The question we face here is what qualifies as "evidence" under the regulation. "In determining the meaning of a statute or regulation, 'the first step is to determine whether the statutory language has a plain and unambiguous meaning by referring to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *SEC v. Levin*, 849 F.3d 995, 1003 (11th 2017) (quoting *Bautista v. Star Cruises*, 396 F.3d 1289, 1295 (11th Cir. 2005)). Because there is no statutory or administrative definition of the term evidence, "we look to its ordinary, everyday meaning." *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1214 (11th Cir. 2008). The term "evidence" is defined as "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact." *Evidence, Black's Law Dictionary* (11th ed. 2019); *see Evidence, Merriam-Webster Unabridged Dictionary*, https://unabridged.merriam-webster.com/unabridged/evidence (last visited March 15, 2022) ("[S]omething that furnishes or tends to furnish proof[.]"). We thus conclude that to be entitled to a protective filing date under § 416.1470(c), a claimant must file with the Appeals Council something—whether in the form of testimony, a document, or a tangible object—that tends to prove or disprove the existence of an alleged fact.

Williams filed no such thing with the Appeals Council. The only material she submitted to the Appeals Council to support her

request for review was a one-page letter from her attorney making the legal argument that the ALJ erred in assessing Williams's residual functional capacity. "Statements by counsel in briefs are not evidence." *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980).[9] In the concluding paragraph of the letter, the attorney observed that Williams soon would turn 55 and then requested, based on Williams's upcoming birthday, that the Appeals Council declare that she was entitled to a protective filing date. But even in this portion of the letter, Williams provided the Appeals Council with no testimony, document, or tangible object to prove a fact and thus submitted no evidence. Because Williams submitted no evidence to the Appeals Council, she never triggered § 416.1470(c)'s protective-filing-date provision.

Second, even if we assume that the attorney's argument regarding Williams's age or date of birth was additional evidence, she nevertheless would not be entitled to a protective filing date under the regulation. For the regulation's protective-filing-date provision to apply, the claimant must both submit new evidence to the Appeals Council *and* the evidence must not "relate to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1470(c). Any evidence about Williams's age or date of birth would relate to the period on or before the date of the ALJ's decision. A claimant's date of birth is relevant to this period because the

_____

[9] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

ALJ considers the claimant's age at the time of the decision (or before) to determine whether she is disabled. At step five of the sequential evaluation process, an ALJ must consider whether given the claimant's *age*, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that the claimant could perform. *See* 20 C.F.R. § 416.920(a)(4)(v); *see also* 20 C.F.R. § 416.963(a) (explaining that the SSA recognizes that as a claimant gets older, it may become more difficult for her to adjust to other work). Accordingly, the ALJ's decision in this case reflects that he considered Williams's date of birth and her age during the period before his decision at step five.[10]

Because Williams submitted no evidence to the Appeals Council that related only to the period after the ALJ's decision, her request for review did not trigger § 416.1470(c)'s protective-filing-date provision. We thus conclude that the Appeals Council did not err in denying her request for review without ordering that a subsequent application would receive a protective filing date.

---

[10] The fact that evidence about Williams's date of birth related to the period on or before the date of the ALJ's decision does not mean that, if Williams had submitted such evidence to the Appeals Council, it was required to grant review. The record already contained evidence of Williams's date of birth, meaning that any additional evidence of it would be cumulative and not new. *See Washington*, 806 F.3d at 1321 n.6 (explaining that "cumulative evidence is not new").

18                    Opinion of the Court                    21-10920

B.    *Because the SSA's Regulation Regarding Protective Fil-*
      *ing Dates Has a Rational Basis, Williams's Equal Protec-*
      *tion Challenge Fails.*

We now consider Williams's due process challenge to § 416.1490(c)'s protective-filing-date provision. The Fifth Amendment guarantees that no one shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Supreme Court has inferred from this text that the federal government may not deny individuals equal protection under the laws. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975). Accordingly, the federal government must treat "similarly situated persons in a similar manner." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009).[11]

When a statute or regulation "classifies persons in such a way that they receive different treatment under the law, the degree of scrutiny the court applies depends upon the basis for the classification." *Id.* (internal quotation marks omitted). If the statute or regulation "treats individuals differently on the basis of race or another suspect classification, or if [it] impinges on a fundamental right, it is subject to strict scrutiny." *Id.* But for all other classifications, the

---

[11] The standard governing equal protection claims under the Fifth Amendment is the same as the standard governing equal protection claims under the Fourteenth Amendment. *See Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1686 n.1 (2017). We therefore may look to cases considering equal protection claims under the Fourteenth Amendment, even though Williams's claim arises under the Fifth Amendment.

statute or regulation "need only have a rational basis," meaning "it need only be rationally related to a legitimate government purpose." *Id.* Because Williams makes no argument that the challenged regulation treats individuals differently based on race or another suspect classification or that it impinges a fundamental right, we apply rational-basis review.

Under rational-basis review, a classification is permitted so long as there is a "rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 320 (1993). "[R]ational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic" of a political branch's choices. *Id.* (internal quotation marks omitted). With rational-basis review, the government "has no obligation to produce evidence to sustain the rationality" of a classification. *Leib*, 558 F.3d at 1306 (internal quotation marks omitted). In an equal-protection challenge, "the burden is on the one attacking the law to negate every conceivable basis that might support it, even if that basis has no foundation in the record." *Id.* Put another way, if "any reasonably conceivable state of facts . . . could provide a rational basis for the classification," the classification must be upheld. *See Heller*, 509 U.S. at 320 (internal quotation marks omitted).

Rational-basis review is particularly deferential when the contested classification reflects a process of regulatory line-drawing, especially in the area of administering a government-benefits program. *See U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 176 (1980).

As the Supreme Court has recognized, "[t]he task of classifying persons for benefits inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line." *Id.* at 179 (alterations adopted) (internal quotation marks omitted). "[T]he fact the line might have been drawn differently at some points" is not a matter for "judicial[] consideration." *Id.*

There is no dispute in this case that SSA treats those claimants who submit additional evidence to the Appeals Council that is found not to relate to the period on or before the date of the ALJ's decision differently from other claimants who submit no evidence to the Appeals Council.[12] Those claimants who submit additional evidence that is deemed not chronologically relevant receive more favorable treatment because they are entitled to a protective filing

---

[12] The regulation creates a third group of claimants as well: those who submit additional evidence to the Appeals Council that the Appeals Council determines relates to the period on or before the date of the ALJ's decision. The SSA treats this group of claimants the most favorably of all. For these claimants, the Appeals Council will grant a request for review if it finds that the additional evidence also is new and material, there is a reasonable probability that the additional evidence would change the outcome of the decision, and the claimant has shown good cause for not previously informing the agency about or submitting the evidence. See 20 C.F.R. § 416.1470(a)(5), (b). Williams does not dispute that it is rational for the SSA to treat claimants who submit additional evidence to Appeals Council that is deemed chronologically relevant more favorably than claimants who provide additional evidence to the Appeals Council that is found to be not chronologically relevant or claimants who submit no additional evidence to the Appeals Council.

21-10920          Opinion of the Court          21

date. If such a claimant files a second application for benefits, it is deemed filed as of an earlier date, the date she requested Appeals Council review. *See* 20 C.F.R. § 416.1470(c). In contrast, claimants who submit no additional evidence are not entitled to a protective filing date. If such a claimant files a second application of benefits, it is deemed filed as of the date received by the SSA, not the date of the claimant's earlier request for review.

In her equal-protection challenge, Williams argues that "there is no rational basis whatsoever" for this disparate treatment. We disagree.

There is a rational relationship between this disparate treatment and a legitimate government purpose. As we explained above, the regulation allows the Appeals Council to consider additional evidence submitted by a claimant only when it relates to the period on or before the date of the ALJ's decision. *See* Limit on Future Effect of Applications and Related Changes in Appeals Council Procedures, 52 Fed. Reg. at 4,002. True, in some cases it may be clear to a claimant that a particular piece of additional evidence relates only to the period after the date of the ALJ's decision and thus will not be considered by the Appeals Council. But in other cases, it is not so clear. *Compare Washington*, 806 F.3d at 1322–23 (concluding that Appeals Council erred in determining that mental health records dated after the ALJ's decision did not relate to the period on or before that decision) *with Hargress v. Soc. Sec. Admin.*, 883 F.3d 1302, 1309–10 (11th Cir. 2018) (concluding that Appeals Council properly determined that medical records

dated after the ALJ's decision did not relate to the period on or before that decision). Given that it may not immediately be apparent to a claimant whether her additional evidence, especially when it consists of medical records, will be chronologically relevant, it was reasonable for the SSA to allow claimants who submit additional evidence to the Appeals Council that is later determined not to be chronologically relevant to have the benefit of a protective filing date. In contrast, when a claimant has submitted no additional evidence to the Appeals Council, there is no similar reason for the SSA to afford her the benefit of a protective filing date.

Williams effectively asks us to second guess the SSA's line-drawing about when a claimant is entitled to a protective filing date. But we cannot do so under the deferential standard that applies to rational-basis review, particularly in a case like this one, where the challenged regulation relates to the administration of a government-benefits program. *See Fritz*, 449 U.S. at 179.

## V.    CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

**AFFIRMED.**